ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANICE L. KING,              )
                             )
              Plaintiff,     )
                             )
v.                           )    Case No. 10-4152-JAR
                             )
                             )
DONNA HUFFMAN, et al.,       )
                             )
              Defendants.    )
                             )

## MEMORANDUM AND ORDER

This lawsuit was filed pro se by Janice L. King, who seeks leave to proceed in forma pauperis (Doc. 3). Plaintiff brings this action against Donna Huffman, Bret D. Landrith, Samuel LaPart, David Martin Price, Rosemary Denise Price, Carol Ziegler, and Paul J. Ziegler pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 371, alleging that these individuals "created interferences with and to the petitioner in matters before another court."

By the terms of 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's Complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek monetary relief against a defendant who is immune, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint

liberally.[1]

Section 1915(e)(2)(B) allows a district court to dismiss a complaint "at any time," and there is no requirement under the statute that the court must first provide notice or an opportunity to respond.[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants proceeding in forma pauperis.[3] Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[4]

In the Complaint, plaintiff avers claims under 42 U.S.C. § 1983 and 18 U.S.C. § 371. She seeks "restitution for damages." She states that she has suffered loss of property and aggravated interferences with her efforts in a post-divorce proceeding in state court by the defendants' willful and malicious actions. Plaintiff characterizes these actions as: "libel and slander, inclusion in civil matters before a court without consent of the petitioner, defamation of character, aggravated interference with court actions to which petitioner was or is a party, loss of earnings, etc."

This Court lacks jurisdiction to entertain her purported claim under 18 U.S.C. § 371, which is a criminal statute. To state a cause of action under § 1983 for an alleged constitutional violation, the challenged conduct must constitute state action.[5] In the context of a § 1983 claim, the conduct of a private individual may constitute state action if it is "fairly attributable to the

---

[1]*Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[2]*See Jones v. Barry*, 33 F. App'x 967, 971 2002 WL 725431 (10th Cir. Apr. 25, 2002).

[3]*See Alexander v. Wichita Hous. Auth.*, Case No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (citations omitted).

[4]Fed. R. Civ. P. 12(h)(3).

[5]*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982); *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996).

2

state."[6] A private individual's conduct is fairly attributable to the state if two conditions are met: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the private party must have acted together with or . . . obligated significant aid from state officials or engaged in conduct otherwise chargeable to the State."[7] Construing plaintiff's Complaint in the light most favorable to her, it contains no allegations that the named defendants acted under color of state law. Furthermore, plaintiff fails to allege any constitutional violation.

Moreover, plaintiff's Complaint is devoid of any factual basis for her claims. Plaintiff cross-references a previous lawsuit filed in this Court,[8] but that case was similarly dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Moreover, plaintiff's previous suit was filed against the State of Kansas and the Kansas Bar Association, and does not allege a factual basis against these individual defendants under 42 U.S.C. § 1983.

Although a plaintiff need not plead the facts or legal theories of her claims with particularity, she must provide sufficient detail so that the defendant can frame an answer.[9] Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by in forma pauperis plaintiffs. Here, plaintiff provides no description of the

---

[6]*Pino*, 75 F.3d at 1465.

[7]*Id.* (citations omitted).

[8]*Janice L. King v. Kansas*, Case No. 09-4117-JAR.

[9]Fed. R. Civ. P. 8(a).

alleged facts supporting her claims and purports to bring a claim under a criminal statute. As in prior suits, plaintiff purports to allege interference with state court actions, once again alleging a constitutional deprivation by individuals who were not acting under color of state law.[10]

The Court believes that there is no logical construction of plaintiff's Complaint from which to divine a cognizable claim against the named defendants. The Court also finds that any attempt to amend the Complaint would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **GRANTED**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated: December 29, 2010

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE

---

[10] *See Janice L. King v. Kansas*, Case No. 09-4117-JAR, Doc. 67 at 9 (Aug. 30, 2010).